Filed 6/25/26  P. v. Domonguez CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>SELMAN DOMONGUEZ, JR.,<br><br>     Defendant and Appellant. | E086393<br><br>(Super.Ct.No. BAF1901220)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Reversed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina, Seth M. Friedman and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Selman Domonguez, Jr., appeals the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6 at the prima facie phase.[1]  The trial court held that defendant was ineligible for section 1172.6 relief as a matter of law because he pled guilty to attempted murder (§§ 664, 187, subd. (a)), after the original effective date of section 1172.6.  The People concede that the trial court erred, and we agree that reversal is required.

**FACTS**

In March 2020, defendant pled guilty to attempted murder, admitted a firearm enhancement (§ 12022.53, subd. (b)) and was sentenced to 15 years imprisonment.  The court, at the request of the People, struck the words " 'willful, deliberate, and premeditated' " from the attempted murder count prior to entering defendant's guilty plea.  The underlying facts of defendant's charges are otherwise not relevant to the issues on appeal.

In March 2023, defendant filed a petition for resentencing in which he alleged that he met the requirements for section 1172.6 relief.  It does not appear from the record that any briefing beyond the petition was submitted nor any substantive hearing held on whether defendant had made a prima facie case for relief, but in July 2024 the court issued an order to show cause as to why defendant should not be resentenced.

In February 2025, the People submitted a request for reconsideration regarding defendant's prima facie eligibility for resentencing pursuant to section 1172.6. The

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

People argued that defendant was ineligible for relief as a matter of law because his guilty plea was entered after the effective date of the amendments to sections 188 and 189 that limited the felony murder rule and natural and probable consequences doctrine, such that he could not possibly have been convicted based on an imputed malice theory.

In June 2025, defendant's counsel stated with respect to the People's request for reconsideration that he "completely agree[d] with the People" but would "perhaps make an objection for the record."  The trial court ruled that "it appears that the defendant is statutorily ineligible for relief and, therefore, his petition is denied without prejudice."

## DISCUSSION

We review de novo a trial court's denial of a section 1172.6 resentencing petition at the prima facie stage.  (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting and limited the scope of the felony-murder rule."  (*People v. Lewis* (2021) 11 Cal.5th 952, 957).  Senate Bill No. 1437 also established a procedure for convicted individuals to retroactively seek resentencing relief if they had been convicted under either the natural and probable consequences doctrine or felony murder rule, as set forth in former section 1170.95 (now section 1172.6)  (*Lewis*, at p. 957).

Subdivision (c) of section 1172.6 provides that after the submission of a petition for relief, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  A denial of

3

the petition at the prima facie stage " 'is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." ' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

The People concede, and we agree, that the trial court erred in denying defendant relief at the prima facie stage. Pursuant to the current version of section 1172.6, subdivision (d), if the court issues an order to show cause it must then hold an evidentiary hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced."

Ordinarily, section 1172.6 resentencing relief would be unavailable as a matter of law to a petitioner who, like defendant here, was convicted after the effective date of Senate Bill No. 1437. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590). The defendant in *Lezama* pled guilty to voluntary manslaughter and a gang enhancement in 2019, then sought resentencing pursuant to section 1172.6 in 2022. (*Lezama*, at p. 586.) The trial court found the defendant ineligible for resentencing because his guilty plea came after the effective date of Senate Bill No. 1437. (*Lezama*, at p. 587.) The appellate court affirmed, as the defendant pled guilty "at a time when imputed malice theories had already been statutorily eliminated." (*Id.* at pp. 590-591.)

However, in the years immediately following the passage of Senate Bill No. 1437, there was considerable controversy among the Courts of Appeal as to whether it eliminated the natural and probable consequences theory in connection with the crime of *attempted* murder. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222 [summarizing

4

the split of opinions between various Courts of Appeal].)  This controversy was resolved upon the passage of Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, which among other things "[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief [under section 1172.6] as those persons convicted of murder under the same theories." (Legis. Counsel's Dig., Sen. Bill No. 775.

Defendant's attempted murder guilty plea here was entered during the interim period between the effective dates of Senate Bill No. 1437 and Senate Bill No. 775, when the law was unsettled as to whether an individual could be convicted of attempted murder based on the natural and probable consequences theory.  Because the People struck the "willful, deliberate, and premeditated" allegation from the attempted murder charge to which defendant pled guilty, it is possible that the prosecution proceeded under the now-disallowed theory of natural and probable consequences, which would entitle defendant to resentencing under section 1172.6.  (*People v. Estrada* (2024) 101 Cal.App.5th 328, 337-338 [where defendant did not plead to a particular type of malice in connection with his attempted murder plea, or a specific theory of guilt in connection with his voluntary manslaughter plea, "the prosecution could have proceeded under any theory of liability, including a natural and probable consequences theory"].)

Defendant accordingly is not barred from section 1172.6 relief as a matter of law for the purposes of the prima facie inquiry.  However, our opinion is limited to finding that the trial court erred at the prima facie stage.  The substantive merits of defendant's

petition will be adjudicated by the trial court at the evidentiary hearing phase described in subdivision (d) of section 1172.6.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

LEE

J.

6